**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 18 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID TROUPE, | No.    16-35857 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05671-RBL |
| v. | |
| DONNA SMITH; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Washington state prisoner David Troupe appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging Eighth

Amendment violations.  We have jurisdiction under 28 U.S.C. § 1291.  We review

de novo.  *Glenn v. Washington County*, 673 F.3d 864, 870 (9th Cir. 2011).  We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

affirm.

The district court properly granted summary judgment on Troupe's claim against defendants Demars and Mason regarding the videotaping of his shower and toilet areas because Troupe failed to raise a genuine dispute of material fact as to whether defendants acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (elements of Eighth Amendment conditions of confinement claim).

The district court properly granted summary judgment on Troupe's claim against Thompson, Hutchinson, and Demars regarding Troupe's medical care because Troupe failed to raise a genuine dispute of material fact as to whether these defendants consciously disregarded a serious medical need. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (deliberate indifference is a high legal standard; mere negligence does not suffice); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (for deliberate indifference due to delay in medical treatment, the prisoner must show harm caused by the delay).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Troupe's request for appointment of counsel, set forth in the opening brief, is denied.

**AFFIRMED.**